D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

SALEEM WILLIAMS aka SHAWN WILLIAMS,

                    Plaintiff,

-against-

ALI SARFARAZ; P.O. HAWKINS;
New York Police Dept; Queens County District
Attorney's Office; Queens County Supreme Court,

                    Defendants.
----------------------------------------------------------------x

MEMORANDUM
AND ORDER

06-CV-2855 (NGG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y
★ JUN 1 9 2006 ★
BROOKLYN OFFICE

GARAUFIS, United States District Judge.

    Plaintiff Saleem Williams, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983. The action was filed in the United States District Court for the Southern District of New York on April 6, 2006. By order dated May 10, 2006, the Honorable Michael B. Mukasey transferred the case to this Court because the events giving rise to the claim occurred in Queens County. The Court grants plaintiff's request to proceed *in forma pauperis*. The complaint is dismissed in part as set forth below.

Background

    On January 16, 2004, Ali Sarfaraz, reported that his grocery store located in the Ridgewood section of Brooklyn, had been robbed by two males. Plaintiff alleges "that on January 16, 2004, at approximately 1:32 pm I was falsely arrested for the charges of robbery in the first and second degrees CPL 160.10 & 160.15, and was incarcerated for 15, 443 days on Rikers Island pending trial. I was tried by a jury of my peers and was acquitted of all charges on April 13, 2005." Plaintiff was arrested by Police Officer Robert J. Hawkins, Shield No. 7777, of the 104th Precinct. Plaintiff seeks damages for false arrest, false imprisonment and malicious prosecution and argues that the police did not have probable cause to arrest him because he did not match the description of the perpetrators.

1

Standard of Review

Pursuant to the *in forma pauperis* statute, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Furthermore, as plaintiff is proceeding *pro se*, the Court is obliged to construe his pleadings liberally, particularly if they allege civil rights violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Finally, in order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

A.   Sarfaraz

A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, and private parties, thus, are not generally liable. Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). As Ali Sarfaraz, the owner of the grocery store, is a private party who does not work for any state or other government body, a cognizable claim under § 1983 is not presented. Thus, the complaint as to Mr. Sarfaraz is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

B.   New York City Police Department

The New York City Charter provides that [a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and not

that of any agency, except where otherwise provided by law." N.Y.C. Charter, Ch. 17, § 396. As an agency of the City of New York, the New York City Police Department (NYPD) "lacks independent legal existence and is therefore not a suable entity." Flemming v. New York City, No. 02 Civ. 4113 (AKH), 2003 U.S. Dist. LEXIS 1929, at *5 (S.D.N.Y. Feb. 11, 2003); Bailey v. New York City Police Dept., 910 F. Supp. 116, 117 (E.D.N.Y. 1996) (recognizing that the NYPD is an agency of New York City and cannot be sued independently under § 1983). Thus, the complaint is dismissed as to the NYPD. 28 U.S.C. § 1915(e)(2)(B).

C.  Queens County District Attorney's Office and the Queens County Supreme Court

Plaintiff also names the Queens County District Attorney's Office and the Queens County Supreme Court as defendants. "When prosecuting a criminal matter, a district attorney in New York State acting in a quasi-judicial capacity, represents the State not the county." Baez v. Hennessy, 853 F.2d 73, 77 (2d Cir. 1988). Thus, to the extent that plaintiff seeks damages against the District Attorney's Office under § 1983, it is entitled to invoke Eleventh Amendment immunity and any such claims against it must be dismissed. See Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993); Hyde v. Arresting Officer Caputo, No. 98 CV 6722 (FB), 2001 U.S. Dist. LEXIS 6253, at *4-*5 (E.D.N.Y. May 11, 2001). Finally, the complaint cannot proceed against the Queens County Supreme Court because it is well-settled that a court is not a "person" within the meaning of § 1983, Zuckerman v. Appellate Division, Second Dept., Supreme Court, 421 F.2d 625, 626 (2d Cir. 1970); Brooks v. New York State Supreme Court, No. 02 CV 4183 (RR), 2002 U.S. Dist. LEXIS 19914, at *3-*4 (E.D.N.Y. Aug. 16, 2002); Mathis v. Clerk of First Dep't, Appellate Div., 631 F. Supp. 232, 235 (S.D.N.Y. 1986). Furthermore, as an agency of the State of New York, the court would be immune from suit under the Eleventh Amendment. Mathis, 631 F. Supp. at 235. Thus, the complaint is dismissed as to the Queens County District Attorney's Office and the Queens County Supreme Court. 28 U.S.C. § 1915(e)(2)(B).

Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed against defendants Ali Sarfaraz, the New York City Police Department, the Queens County District Attorney's Office and the Queens County Supreme Court. 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to these defendants.

The claims against P.O. Hawkins shall proceed and the Clerk of Court is directed to issue a summons as to P.O. Robert J. Hawkins, Shield No. 7777, employed at the 104th Precinct on January 16, 2004. The United States Marshal Service is directed to serve the summons, complaint and a copy of this Order upon defendant P.O. Hawkins without prepayment of fees. A courtesy copy of the same documents shall be served on the Corporation Counsel for the City of New York.

This matter is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Nicholas G. Garaufis
United States District Judge

Dated: June 15, 2006
Brooklyn, New York